```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
CHRISTIAN BUCHANAN,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 20-120 WES
                                   )
A.T. WALL[1],                      )
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is the State of Rhode Island's Motion to Dismiss the Petition of Christian Buchanan for a Writ of Habeas Corpus by a person in state custody under 28 U.S.C. § 2254. For the following reasons, the Motion to Dismiss, ECF No. 5, is GRANTED, and the Petition for Habeas Corpus, ECF No. 1, is DENIED and DISMISSED.

I.  Background

In 2011, a jury convicted Buchanan of one count of first degree child molestation sexual assault in violation of R.I. Gen. Laws § 11-37-8.1 and three counts of second degree child molestation sexual assault in violation of R.I. Gen. Laws § 11-

---

[1] The named defendant is A.T. Wall, who has retired from his position at the Rhode Island Department of Corrections. Patricia A. Coyne-Fague is the current Director of the Rhode Island Department of Corrections.

37-8.3.  See Pet. for Writ of Habeas Corpus ("Pet.") 2, ECF No. 1. On the count of first degree child molestation sexual assault, the court sentenced him to forty years in prison, with twenty years to serve and twenty years suspended with probation.  State v. Buchanan, 81 A.3d 1119, 1125 (R.I. 2014).  On the counts of second degree child molestation sexual assault, the court sentenced him to twenty-five years in prison, with fifteen years to serve and ten years suspended with probation, to be served concurrently with the sentence for first-degree child molestation.  Id.

On January 14, 2014, the Rhode Island Supreme Court affirmed Buchanan's convictions.  Id. at 1121.  In 2018, Buchanan filed an Application for Post-Conviction Relief in the Newport Superior Court, arguing that the statutes under which he was convicted were unconstitutional because they "fail to describe a crime and prescribe a penalty therein."  Pet. Ex. P, at 1, ECF No. 1-16. The Newport Superior Court denied Buchanan's application, concluding that when the relevant statutory sections are read in conjunction with the sections that follow them, "the Legislature's intent is clear as to the conduct that is proscribed and the penalties for such conduct."  Id. at 14.  The Rhode Island Supreme Court agreed.  See Pet. Ex. Q, at 3, ECF No. 1-17.  In its denial of Buchanan's subsequent petition for certiorari, the court concluded that each statute at issue is "part of a clear statutory scheme in which the prohibited conduct is plainly laid out in one

section of a chapter in our general law, and the penalty is set forth in the subsequent section." Id.

Buchanan next filed the instant petition. He again argues that R.I. Gen. Laws §§ 11-37-8.1 and 11-37-8.3 are unconstitutional because the statutes do not explicitly state that their proscriptions constitute crimes and because the statutes do not include penalties within their four corners. See Pet. 6-12, citing Pet. Ex. A, at 3, ECF No. 1-1. The State moved to dismiss Buchanan's petition, arguing that it is time-barred under 28 U.S.C § 2244(d) and that Buchanan did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). See Mot. to Dismiss 3, ECF No. 5.

II. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), an application for a writ of habeas corpus must be filed within one year of the latest of (a) "the date on which the judgment became final"; (b) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (c) "the date on which the constitutional right asserted was initially recognized by the Supreme Court," or (d) "the date on which the factual predicate of the claim or claims presented could have been

3

discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

Buchanan does not assert that he was impeded by state action from filing the instant petition; nor does he argue that his claims are based on a recently discovered factual predicate. See Pet. 14. Rather, he contends that he could not have been aware of the basis for his claim until the Rhode Island Supreme Court's decision in State v. Maxie, 187 A.3d 330 (R.I. 2018). See Pet. 14. Maxie, however, was not based on a right newly recognized by the United States Supreme Court, and thus does not affect the timeliness requirement in 28 U.S.C. § 2244(d)(1). See Maxie, 187 A.3d at 340 (holding R.I. Gen. Laws § 11-67-6 unconstitutional because it failed to state a crime).[2] In fact, as the basis for his constitutional claims, Buchanan cites two cases decided long ago: Keeble v. United States, 412 U.S. 205 (1973), and Todd v. United States, 158 U.S. 278 (1895). See Pet. 14, ECF No. 1. Thus, the one-year clock for these claims started running on April 14, 2014, ninety days after the Rhode Island Supreme Court affirmed his convictions. See Clay v. United States, 537 U.S. 522, 525, 532

---

[2] Buchanan also points to State v. Footman, 196 A.3d 758 (R.I. 2018), in which the Rhode Island Supreme Court vacated the defendant's convictions under R.I. Gen. Laws § 11-67-6, the statute held unconstitutional in State v. Maxie, 187 A.3d 330, 340 (R.I. 2018). See Footman, 196 A.3d at 763. Footman does not contain any further analysis of the issue and therefore does not assist Buchanan. See id.

4

(2003) (holding conviction to be final upon expiration of 90-day period for seeking review from United States Supreme Court).

Of course, the time during which Buchanan's state court application for post-conviction relief was pending does not count towards the one-year limitation. See 28 U.S.C. § 2244(d)(2). But this deduction is insufficient to save Buchanan's petition. When Buchanan filed his first and only state court application for post-conviction relief on November 23, 2018, over four years had already elapsed since his conviction became final in 2014. See Pet. Ex. P, at 2, ECF No. 1-16. By the time he filed his petition in this Court on March 4, 2020,[3] his claims had long been time-barred under 28 U.S.C. § 2244(d)(1).[4]

III. Conclusion

Based on the foregoing reasons, the Court GRANTS the State's Motion to Dismiss, ECF NO. 5, and DENIES and DISMISSES Christian Buchanan's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, ECF No. 1.

RULING ON CERTIFICATE OF APPEABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court hereby finds

---

[3] This is the date on which Buchanan placed this Petition in the prison mailing system. See ECF No. 1-19.

[4] This Court need not reach the question whether Buchanan has exhausted his state court remedies.

5

that this case is <u>not</u> appropriate for the issuance of a certificate of appealability because Buchanan has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Buchanan is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2254 Proceedings.


IT IS SO ORDERED.

*/s/ William E. Smith*
_____
William E. Smith
District Judge
Date:  October 30, 2020